1                          **UNITED STATES DISTRICT COURT**

2                             **DISTRICT OF NEVADA**

3    SANDRA ELIZABETH RANIERI,             Case No.: 2:25-cv-00524-APG-DJA

4        Plaintiff                         **Order Granting Motion to Remand**

5    v.                                 [ECF No. 13]

6    NEVADA RESTAURANT SERVICES,
     INC., et al.,

7

       Defendants

8

9

10        Sandra Elizabeth Ranieri was tending bar at a Dotty's tavern when it was robbed at

11 gunpoint.  She was subsequently fired without prior notice or an explanation. ECF No. 1-3 at 8.

12 She sued several entities, including Nevada Restaurant Services, Inc. and St. Rose Plaza, LLC

13 (collectively Dotty's), asserting state law claims for breach of contract; wrongful termination;

14 breach of the covenant of good faith and fair dealing; negligence; and negligent hiring, training,

15 supervision, and retention. ECF No. 1-3.  Dotty's removed the case from state court based on

16 federal question jurisdiction. ECF No. 1.  Ranieri now moves to remand the case, arguing that

17 none of her claims is based upon a federal right or statute. ECF No. 13.

18        "Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal

19 question is presented on the face of the plaintiff's properly pleaded complaint." *Newtok Vill. v.*

20 *Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) (quotation omitted).  "A cause of action arises under

21 federal law only if federal law creates the cause of action or a substantial question of federal law

22 is a necessary element of a plaintiff's well-pleaded complaint." *Id.* (simplified); *see also*

23 *Borodkin v. Omni Air Int'l, Inc.*, No. 2:05-cv-1414-PMP-LRL, 2006 WL 8446635, at *4 (D.

Nev. Oct. 4, 2006), *aff'd,* 279 F. App'x 517 (9th Cir. 2008) ("Vindication of a state law right

1 turns on construing federal law if the plaintiff must plead and prove the asserted federal law

2 violation.") (citations omitted).

3      None of Ranieri's claims arises under or depends upon federal law.  Dotty's points out

4 that the Second Amended Complaint (SAC) refers to federal law in at least three places.  "But

5 the mere reference of a federal statute in a pleading will not convert a state law claim into a

6 federal cause of action if the federal statute is not a necessary element of the state law claim and

7 no preemption exists." *Newtok Vill.*, 21 F.4th at 616 (quotation omitted).  Thus, I must determine

8 whether any of Ranieri's claims "necessarily turns on some construction of federal law."

9 *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (simplified)

10 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

11      "To establish a wrongful termination or tortious discharge claim under Nevada law, [the

12 plaintiff] must show that the defendants terminated her for refusing to engage in conduct that

13 was violative of public policy or because she engaged in conduct which public policy favors."

14 *Allen v. Vocatus, LLC*, 645 F. Supp. 3d 1037, 1048 (D. Nev. 2022) (simplified).  Ranieri's SAC

15 alleges that Dotty's had policies for screening patrons before allowing them into the bar that

16 were discriminatory and violated state and federal law and public policy. ECF No. 1-3 at 8, 15.

17 The SAC makes three references to 42 U.S.C. § 2000a(a) and (b). *Id*. at 8 ¶ 21, 15 ¶ 73, 18 ¶ 99.

18 Based on that, Dotty's contends that "the alleged wrongful termination claim requires the Court

19 to determine whether [Dotty's] promulgated a policy in violation of 42 U.S.C. 2000a as a basis

20 for her termination." ECF No. 16 at 4.

21      Dotty's misreads Ranieri's complaint.  The face of the SAC does not assert that Ranieri

22 was fired for enforcing or refusing to enforce those policies or that she was discriminated against

23 under them.  In her claim for wrongful termination, Ranieri alleges that "Dotty's . . . wrongfully

terminated Plaintiff without any cause, reason or explanation, and because she was a whistle

blower and reported deficient/non-existent and unsafe security and safety issues to police.  This

violates public policy." ECF No. 1-3 at 15 ¶ 73.  In her claim for breach of the covenant of good

faith and fair dealing, she alleges that "Defendants unfairly interfered in bad faith with [her] right

to receive the benefits of her employment," and that her "wrongful termination constitutes a

violation of public policy." *Id*. at 17 ¶ 95, 18 ¶ 99.  Thus, her alleged wrongful termination and

the public policies that were allegedly violated have nothing to do with Dotty's alleged

discriminatory policies or 42 U.S.C. § 2000a.  Ranieri does not allege she was fired for

enforcing, or not enforcing, those policies.  And the necessary elements of her claim do not

involve a substantial question of federal law. *See Allen*, 645 F. Supp. 3d at 1048.  Thus, I must

remand this case to state court.  I deny Ranieri's request for an award of attorney's fees.

I THEREFORE ORDER that Ranieri's motion to remand **(ECF No. 13) is granted**.  This

case is remanded to the state court from which it was removed for all further proceedings.  The

clerk of the court is instructed to close this case.

DATED this 13th day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE